UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Demetrius Alexander Brown, | ) C/A No. 3:14-4635-TMC-TER |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Heath Gardner; John Melton; H. Austin; Ricky Morse; Lee Anna Tindal; George Roosevelt Gibson; Brownyn McElveen; Judge James, | ) ) ) |
| | ) |
|        Defendants. | ) |
| _____ | ) |

This is a civil action filed pro se by a local detention center detainee. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Demetrius Alexander Brown ("Plaintiff") is a pretrial detainee at Sumter-Lee Regional Detention Center (SLRDC), facing various charges including charges for Burglary-2nd degree, Burglary-3rd degree, Forgery, and Resisting Arrest in a case in which he was charged and arrested on various warrants on May 23, 2014. ECF No. 1, Compl. 5, 7; *see also, http://publicindex.sccourts.org/Sumter/PublicIndex/PISearch.aspx*.[1] Apparently, he has been

---

[1] The court may take judicial notice of factual information located in postings on government websites. See *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL

1

detained at SLRDC ever since that time.

In the Complaint submitted in this case, Plaintiff alleges that he is:

subjected to [the defendants'] misfeasance, malfeasance, negligent, and malicious and overzealous actions/inactions denying my persons a right to bail, the right not to be inflicted with cruel and unusual punishments, the right to be secure in my papers and effects against unreasonable searches and seizures, the right to be fully heard in my defense by myself, the right not to be subjected to the same person for both prosecution and adjudication; the right not to be de[p]rived of property without due process of law or just compensation, and the right to the equal protection of the laws.

ECF No. 1, Compl. 4. Plaintiff also asserts that the investigating law enforcement officer gave false and misleading testimony under oath in order to obtain warrants for his arrest, that upon his arrest his vehicle was improperly searched and seized, he was improperly denied bond, and that he generally believes there were improprieties in how the investigation of his case was conducted by law enforcement. Plaintiff also alleges that the solicitor in his case misled the Court and that the judges involved in his case made improper decisions. Plaintiff asks this Court to award him compensatory and punitive damages and injunctive relief. *Id*. at 21.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

---

4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). As an initial matter, a number of the Defendants named by Plaintiff are entitled to immunity from suit.

## **DISCUSSION**

Plaintiff has sued Judge Lee Anna Tindal, a Sumter County Summary Court Judge, Judge George Roosevelt Gibson, a magistrate judge for Sumter County, and Judge James, a South Carolina Circuit Court Judge. Plaintiff's claims against these judicial officers based on their respective official participation and resulting judicial rulings made in relation to Plaintiff's various court cases are barred by the doctrine of absolute judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

The absolute immunity from suit for alleged deprivation of rights enjoyed by judges

3

>is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

Furthermore, to the extent that Plaintiff's complaint seeks injunctive relief against any of the noted judicial officers, such claims are is barred by 42 U.S.C. § 1984, which states in pertinent part,

>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id*. (emphasis added).

4

Since there is no existing declaratory decree involved and no legal basis shown for entry of any declaratory judgment requested in this case, any claims by Plaintiff for injunctive relief against these judicial officers is statutorily barred. *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31, 2007).

Plaintiff sues Defendant Brownyn McElveen for actions taken in her role as a Sumter County Assistant Solicitor in association with his judicial cases. To the extent Defendant was acting as a prosecuting attorney, she is entitled to immunity from suit. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). As Plaintiff's allegations against this Defendant appears to stem entirely from her role as a state prosecutor, she is entitled to summary dismissal.

In addition to the aforementioned individuals, Plaintiff also names as Defendants Heath Gardner, John Melton, H. Austin, and Ricky Morse, all detectives and/or officers with the Sumter Police Department. To the extent that Plaintiff requests injunctive relief from this Court against the participants in his pending state criminal case, this case is barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other similar cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger*, 401 U.S. at 44; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).

In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state

judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this Court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same).

    As indicated in the cases cited above, Plaintiff is not foreclosed from raising the issues he notes in his Complaint and having them ruled on in his on-going state criminal prosecution by a state court judge. This Court cannot remove the authority to rule on such objections from the judge who is actually in control on Plaintiff's state criminal case. Also, to grant the injunctive relief as Plaintiff requests, this Court would be required to enjoin the state prosecution, and, as stated above, this is not something we can do under *Younger*, *Cinema Blue*, and *Bonner*.

    Plaintiff also seeks damages from Defendants allegedly arising from his continued incarceration and based on their involvement in the post-arrest investigation and prosecution of the now-pending state criminal charges. Plaintiff indicates in his Complaint that arrest warrants were issued in his case This information suggests whether Plaintiff's claims are for false arrest or

malicious prosecution. [2]

To state a claim for false arrest under § 1983, a plaintiff must allege that the arrest was made without a facially valid arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (holding a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant). In contrast, a claim that one is wrongly detained because his arrest was made pursuant to a warrant that was not supported by probable cause, is one for malicious prosecution. *See Porterfield*, 156 F.3d at 568 (noting arrest pursuant to facially valid warrant could support "at most" a cause of action for malicious prosecution). In other words, a false imprisonment cause of action is one for detention in the absence of process; a malicious prosecution cause of action is brought when detention is based on the "*wrongful* institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (emphasis in original).

Unlike Fourth Amendment "false arrest" claims,[3] to which the United States Supreme Court opinion in *Heck* v. *Humphrey*, 512 U.S. 477 (1994) is not applicable for reasons stated in the more recent United States Supreme Court's opinion in *Wallace v. Kato*, 549 U.S. 384, 394 (2007), malicious-prosecution type constitutional claims raised by a pretrial detainee are still governed by

---

[2]There is no independent cause of action for malicious prosecution under § 1983. A "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000). In order for a plaintiff to state a viable § 1983 malicious prosecution claim for a seizure of his person violative of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause *and that the criminal proceedings [have] terminated in [plaintiff's] favor*." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir. 1996)(emphasis added).

[3]Again, Plaintiff indicates in his Complaint that arrests warrants were obtained in his case.

*Heck* and the so-called "favorable termination rule." The author of the *Wallace* opinion, Justice Scalia, specifically exempted malicious-prosecution type Fourth Amendment seizure claims from the coverage of his *Wallace* opinion. 549 U.S. at 387n.1, 390n. 2; *accord Jovanovic v. City of New York,* No. 04 CV 8437(PAC), 2008 WL 355515 (S.D.N.Y. Feb.7, 2008)(holding in *Wallace v. Kato* applies only to claims of false arrest and holding in *Heck v. Humphrey* still applies to claims of malicious prosecution); *see also Robinson v. Horry County Police Dep't,* No.4:10–cv–02732–RBH-SVH, 2010 WL 4922660, *2 (Nov. 2, 2010), *adopted by* 2010 WL 4922655 (D.S.C. Nov. 29, 2010). In this case, Plaintiff's Complaint concerns matters relating to his incarceration and the prosecution of his criminal action subsequent to Defendants' obtaining a warrant. Such claims for damages are subject to summary dismissal because no right of action has accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a complaint for damages under § 1983 must be dismissed if a judgment in the plaintiff's favor would necessarily imply the invalidity of his underlying conviction or sentence. *Id*. The malicious prosecution claim is subject to summary dismissal because a right of action has not accrued.

> As the *Heck* Court held*:*
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
>
> *Heck*, 512 U.S. at 486-87.

Plaintiff has made no allegation that the charges against him have been dismissed or otherwise ended in his favor; thus, under *Heck* he cannot collect damages for any perceived constitutional deprivation pertaining to his alleged Fourth-Amendment-unreasonable seizure/ malicious prosecution-type claims brought pursuant to 42 U.S.C. § 1983. As such, those claims are barred until such time as the pending charges are disposed of in a manner favorable to Plaintiff, either through a pre-conviction dismissal of the charges, an acquittal, or by way of a successful post-conviction proceeding such as appeal, post-conviction relief, or federal writ of habeas corpus. *See Heck,* 512 U.S. at 486-87; *McCormick v. Wright,* C/A No. 2:10-00033-RBH, 2010 WL 565303, *3 (D.S.C. Feb.17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature.").

The court notes that Plaintiff's allegations of wrongdoing by law enforcement and other trial participants, if true, would necessarily invalidate any conviction that might be obtained against him and are claims for consideration by the state court. Unless and until Plaintiff is acquitted or successfully appeals and overturns any conviction that might result in the state case, he cannot sue any of the Defendants he has named for damages based on their involvement in his pending state prosecution. As a result, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice. See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at

9

74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

  Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

February 9, 2015<br>
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).